DICKINSON, Justice,
concurring:
¶ 26. I have attempted without success to understand the concern voiced by my learned colleague, Justice Kitchens, who opines that today’s majority opinion “makes access to previously forbidden evidence of collateral-source payments exceedingly effortless.” I agree with my friend on the point, but hasten to state that, in my judgment, access to such evidence should, indeed, be effortless. After all, it comes into play only where the plaintiff has lied on the witness stand. Our rules — whether of ancient[5] or more recent [6] vintage — should never protect a liar.
¶ 27. The subject of my friend’s concurring opinion is the following issue as framed by Justice Randolph: “Whether a defendant may cross-examine the plaintiff regarding collateral-source payments, for the narrow purpose of impeaching false testimony.” One would hope the issue is rarely presented but, when it is, my firm view is that neither rule nor statute nor this Court’s precedent should prevent the lie from being exposed.
¶ 28. Furthermore, I question my friend’s prognostication that today’s decision will savage cases where plaintiffs make “benign references to financial hardship.” That is precisely what happened in the case before us today, and the majority correctly concludes that the plaintiffs testimony was acceptable, and that the trial judge’s exclusion of the collateral-source payments was eminently correct.
CARLSON, P.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.

. “Ye shall know the truth, and the truth shall make you free.” John 8:32.

. "These rules [of evidence] shall be construed ... to the end that the truth may be ascertained and proceedings justly determined." Maj. Op. at ¶ 16 (citing Miss. R. Evid. 102).